UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------X

KENNETH PASQUARIELLO,

        Plaintiff,        :

   -vs-                MAGISTRATE JUDGE___M$\rho^\prime$___

NATIONAL RAILROAD PASSENGER CORP.,
And MASSACHUSETTS BAY
TRANSPORTATOIN AUTHORITY,    :
         Defendants.

------------------------------------X

RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK.__FUM
DATE 8/25/04

**COMPLAINT**

**AS AGAINST NATIONAL RAILROAD PASSESNGER CORPORATION**

COUNT I

    1.  The plaintiff is a resident of
Centerville, Massachusetts, and brings this action
against the defendant, National Railroad Passenger
Corporation, a railroad corporation duly
established by law, pursuant to the provisions of
45 U.S.C.A., Section 301, et seq., and having its
principal office at 400 North Capital Street, N.W.,
Washington, D.C., and having an usual place of
business in Boston, Massachusetts for injuries
suffered by him while in the employ of the
defendant.  This action is brought by virtue of the
provisions of the Federal Employers' Liability Act,
45 U.S.C.A., Section 51, et seq.

    2.  During all the times herein mentioned, the

defendant was a common carrier, engaged in the
business of interstate commerce, and, as such,
operated a railroad in such business between the
said Boston, Massachusetts and Washington, D.C.;
and, at the time the plaintiff received the
injuries complained of, both he and the defendant
were engaged in interstate commerce, within the
meaning of the said Federal Employers' Liability
Act.

3.   On or about February 21, 2003, the
plaintiff was employed as a train director by the
defendant and was engaged in his duties as a train
director at the Waltham Tower, Waltham, MA which
tower, yard, tracks, rails, engines, trains, cars
and all other equipment and appliances appurtenant
thereto were owned and/or operated and/or
controlled and/or maintained by the defendant, and
as a result of the negligence of the defendant, its
agents, servants or employees, the plaintiff was
injured.

4.   As a result of the said accident, the
plaintiff was made sick, sore and lame and has
suffered great pain of body, anguish of mind and
will so continue to suffer for an indeterminate
period of time in the future; that prior to said

-2-

accident, the plaintiff was earning the wages of a train director as an employee of the defendant; that as a result of the said accident, the plaintiff has been incapacitated and prevented from engaging in his employment and that the plaintiff will continue to be so incapacitated in the future; that the plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

COUNT II

1.    The plaintiff is a resident of Centerville, Massachusetts, and brings this action against the defendant, National Railroad Passenger Corporation, a railroad corporation duly established by law, pursuant to the provisions of 45 U.S.C.A., Section 301, et seq., and having its principal office at 400 North Capital Street, N.W., Washington, D.C., and having an usual place of business in Boston, Massachusetts for injuries suffered by him while in the employ of the defendant.    This action is brought by virtue of the provisions of the Federal Employers' Liability Act, 45 U.S.C.A., Section 51, et seq.

2.   During all the times herein mentioned, the defendant was a common carrier, engaged in the business of interstate commerce, and, as such, operated a railroad in such business between the said Boston, Massachusetts and Washington, D.C.; and, at the time the plaintiff received the injuries complained of, both he and the defendant were engaged in interstate commerce, within the meaning of the said Federal Employers' Liability Act.

3.   On or about February 21, 2003, the plaintiff was employed as a train director by the defendant and was engaged in his duties as a train director at the Waltham Tower, Waltham, MA, which tower, yard, tracks, rails, engines, trains, cars and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the defendant, and as a result of the failure of the defendant, its agents, servants or employees to use reasonable care to provide the plaintiff a safe place in which to work and to furnish him with safe and suitable tools, appliances and equipment, the plaintiff was injured.   The defendant also failed to comply with applicable OSHA regulations relating to the stairs of the Waltham Tower.

-4-

4. As a result of the said accident, the plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will so continue to suffer for an indeterminate period of time in the future; that prior to said accident, the plaintiff was earning the wages of a train director as an employee of the defendant; that as a result of the said accident, the plaintiff has been incapacitated and prevented from engaging in his employment and that the plaintiff will continue to be so incapacitated in the future; that the plaintiff has been and for some time in the future will be caused to incur expenses for doctors' and hospital services and for medicine in caring for the said injuries.

**AS AGAINST MASSACHUSETTS BAY TRANSPORTATION AUTHORITY:**

COUNT III

1. The plaintiff is a resident of Centerville, Massachusetts, and brings this action against the defendant, Massachusetts Bay Transportation Authority, a political and corporate body established under the provisions of Massachusetts General Laws, Ch. 161A as amended, and having a usual place of business in Boston,

Massachusetts for injuries suffered by the plaintiff while in the employ of Amtrak and while working on the property of the Massachusetts Bay Transportation Authority.  This action is brought by virtue of the common law of the Commonwealth of Massachusetts.

2.   During all the times herein mentioned, the defendant, Massachusetts Bay Transportation Authority, owned and/or operated and/or maintained and/or controlled a commuter rail service on and over railroad tracks from Boston, Massachusetts to Needham, Massachusetts, including Back Bay Station.

3.   During all times mentioned, the plaintiff was employed by Amtrak and was an invitee of the defendant, Massachusetts Bay Transportation Authority on or about said commuter lines, tracks and property of the Massachusetts Bay Transportation Authority.

4.  On or about February 21, 2003, the plaintiff was employed as a train director by the defendant and was engaged in his duties as a train director at the Waltham Tower, Waltham, MA, which yard, tracks, rails, engines, trains, cars and all other equipment and appliances appurtenant thereto

-6-

were owned and/or operated and/or controlled and/or
maintained by the defendant, and as a result of the
failure of the defendant, its agents, servants or
employees to use reasonable care to provide the
plaintiff a safe place in which to work and to
furnish him with safe and suitable tools,
appliances and equipment, the plaintiff was
injured.

5.   Said commuter rail service and all the
lines, tracks, rails, crossovers, switches,
interlocking systems, signal systems, communication
systems, towers and all the persons working thereon
or present thereon were owned and/or operated
and/or controlled and/or maintained by the
defendant, Massachusetts Bay Transportation
Authority, its agents, servants, employees or other
persons for whose actions the defendant,
Massachusetts Bay Transportation Authority, was
responsible; in  addition, all engines, trains and
other equipment operating thereon, and all persons
involved in such operation were owned and/or
operated and/or controlled and/or maintained by the
defendant, Massachusetts Bay Transportation
Authority, its agents, servants or persons for
whose actions the defendant was responsible; in
addition, the right of way, track beds and other

-7-

structures, equipment and appliances situated under, over, next to, connected to, associated with or appurtenant to the tracks, rails, crossovers, switches, interlocking systems, signal systems, communication systems and towers were owned and/or operated and/or controlled and/or maintained by the defendant, Massachusetts Bay Transportation Authority, its agents, servants or employees or persons for whose actions the defendant was responsible and that as a result of the negligence of the defendant, Massachusetts Bay Transportation Authority, its agents, servants, employees or persons for whose actions the defendant was responsible, the plaintiff was injured.

6.  As a result of the said accident, the plaintiff was made sick, sore and lame and has suffered great pain of body, anguish of mind and will continue to suffer for an indeterminate period of time in the future; that prior to said accident, the plaintiff was a strong, able-bodied man, capable of earning and actually earning the wages of a Train director as an employee of Amtrak; that as a result of the said accident, the plaintiff has been incapacitated and prevented from engaging in his employment, and that the plaintiff will continue to be so incapacitated in the future;

-8-

that the plaintiff has been and for some time in the future will be caused to incur expenses for doctor's and hospital services and for medicine in caring for the said injuries.


WHEREFORE, the plaintiff demands judgment against the defendant in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.


PLAINTIFF REQUESTS TRIAL BY JURY.


By his attorneys,

DATE: _8 23 04_          _____
                         Robert T. Naumes, Esq.
                         **THORNTON, EARLY & NAUMES**
                         100 Summer Street
                         Boston, MA   02109
                         (617) 720-1333
                         Attorney for Plaintiff
                         BBO# 367660

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)**

KENNETH PASQUARIELLO V. NATIONAL RAILROAD PASSENGER CORP., ET AL

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
      740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
      315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
      380, 385, 450, 891.

IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
      690, 810, 861-865, 870, 871, 875, 900.

V.    150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**

YES ☐    NO ☒

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?    (SEE 28 USC §2403)**

YES ☐    NO ☒

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

YES ☐    NO ☒

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?**

YES ☐    NO ☒

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**

YES ☐    NO ☒

A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
**ATTORNEY'S NAME**    ROBERT T. NAUMES, THORNTON & NAUMES, LLP

**ADDRESS**    100 SUMMER ST., 30TH FL., BOSTON MA 02110

**TELEPHONE NO.**    617-720-1333

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 07/89)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

KENNETH PASQUARIELLO

## DEFENDANTS

NATIONAL RAILROAD PASSENGER CORP., AND MASSACHUSETTS BAY COMMUTER RAILROAD

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  BARNSTABLE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert T. Naumes, Esq.
Thornton & Naumes LLP
100 Summer St., 30th FL
Boston  MA 02110    (617-720-1333)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Tort for negligence under the Federal Employers' Liability Act,
45 U.S.C.A., Section 51 et seq.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE /PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**  500,000

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE  8-23-04

SIGNATURE OF ATTORNEY OF RECORD  Robert T. Naumes

UNITED STATES DISTRICT COURT