UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11852 NMG

KENNETH PASQUARIELLO,
    Plaintiff

ANSWER OF DEFENDANTS
AMTRAK AND MBTA TO PLAINTIFF'S
COMPLAINT

V.

DEFENDANTS DEMANDS TRIAL BY JURY

NATIONAL RAILROAD
PASSENGER CORP. and
MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,
    Defendant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

    Now come the Defendants National Railroad Passenger Corporation ("Amtrak") and the Massachusetts Bay Transportation Authority ("MBTA") in the above-entitled action and hereby answer the numbered Paragraphs of Plaintiff's Complaint as follows:

1. Amtrak and the MBTA are without knowledge which would permit them to admit or deny that the Plaintiff presently resides in Centerville, Massachusetts; and they admit that Amtrak is a duly established railroad corporation with principal offices at 400 North Capital Street, NW, Washington, D.C, with a usual place of business in Boston, Massachusetts for purposes of jurisdiction, but denies that it is organized pursuant to 45 U.S.C.A., §301, et seq. Amtrak or the MBTA are not called upon to either admit or deny the remaining allegations set forth in Paragraph 1, Count I of the Plaintiff's Complaint.

2. Amtrak and the MBTA admit the allegations set forth in Paragraph 2 of the Complaint.

3. Amtrak admits that Plaintiff was employed by Amtrak as a train director. Amtrak denies that it owned the railroad equipment as alleged and denies that its negligence or that of its agents, servants or employees caused the Plaintiff's alleged injuries, but admits the remaining allegations set forth in Paragraph 3 of Count I of the Plaintiff's Complaint. The MBTA is without knowledge which would permit it to either admit or deny the allegations set forth in Paragraph 3, Count I of the Plaintiff's Complaint. The MBTA denies that Plaintiff's alleged injuries are the result of any negligence on the part of the MBTA, its agents, servants or employees.

4.  Amtrak and the MBTA deny the allegations set forth in Paragraph 4 of Count I of the Plaintiff's Complaint.

## COUNT II

1.  Amtrak and the MBTA are without knowledge which would permit them to admit or deny that the Plaintiff presently resides in Centerville, Massachusetts; and they admit that Amtrak is a duly established railroad corporation with principal offices at 400 North Capital Street, NW, Washington, D.C, with a usual place of business in Boston, Massachusetts for purposes of jurisdiction, but denies that it is organized pursuant to 45 U.S.C.A., §301, et seq. Amtrak or the MBTA are not called upon to either admit or deny the remaining allegations set forth in Paragraph 1, Count II of the Plaintiff's Complaint.

2.  Amtrak and the MBTA admit the allegations set forth in Paragraph 2, Count II of the Complaint.

3.  Amtrak admits that Plaintiff was employed by Amtrak as a train director. Amtrak denies that it owned the railroad equipment as alleged and denies that its negligence or that of its agents, servants or employees caused the Plaintiff's alleged injuries, but admits the remaining allegations set forth in Paragraph 3 of Count II of the Plaintiff's Complaint. The MBTA is without knowledge which would permit it to either admit or deny the allegations set forth in Paragraph 3, Count I of the Plaintiff's Complaint. The MBTA denies that Plaintiff's alleged injuries are the result of any negligence on the part of the MBTA, its agents, servants or employees.

4.  Amtrak and the MBTA deny the allegations set forth in Paragraph 4 of Count II of the Plaintiff's Complaint.

## COUNT III

1.  Amtrak and the MBTA admit the allegations set forth in Paragraph 1, Count III of the Plaintiff's Complaint.

2.  Amtrak and the MBTA admit the allegations set forth in Paragraph 2 of Count III of the Plaintiff's Complaint.

3.  Amtrak and the MBTA admit the allegations set forth in Paragraph 3 of Count III of the Plaintiff's Complaint.

4.  Amtrak and the MBTA deny that the MBTA owned, operated , controlled or maintained all tools and appliances used to maintain the items set forth in Paragraph 4, Count III or that the MBTA was responsible for the actions or omissions of Amtrak's employees, agents, or servants, and Amtrak and

    the MBTA admit the remaining the allegations set forth in Paragraph 4 of Count III of the Plaintiff's Complaint.

5. Amtrak and the MBTA deny the allegations set forth in Paragraph 5, Count III of the Plaintiff's Complaint.

6. Amtrak and the MBTA deny the allegations set forth in Paragraph 6, Count III of the Plaintiff's Complaint.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. If Defendants Amtrak or the MBTA were guilty of any negligence proximately causing the injuries and damages set forth in the Complaint, all of which Amtrak and the MBTA expressly deny, then Plaintiff is guilty of negligence contributing to cause said injuries and damages.

3. Plaintiff's claim should be barred because Plaintiff was guilty of negligence which was a contributing cause of plaintiff's injuries and which negligence was greater than the amount of negligence, if any, attributable to either Defendants Amtrak or the MBTA, or alternatively, the Plaintiff's claim should be reduced by the proportionate amount of Plaintiff's negligence.

4. The actions or inactions of Defendants Amtrak and the MBTA were not the proximate cause of Plaintiff's alleged injuries and damages, but said injuries and damages, if any, were the result of other intervening and superseding causes for which either Amtrak or the MBTA were not responsible.

5. The acts or failures to act alleged in the Complaint were committed or omitted, if at all, by parties for whose conduct or inaction of either Amtrak or the MBTA, were not, and are not, legally responsible.

6. Defendant Amtrak states that if it should be determined that Amtrak was negligent and that such negligence excluded that of the Plaintiff, the damages assessable against Amtrak should be reduced by the percentage of the negligence attributable to the Plaintiff, pursuant to the provisions of 45 U.S.C.A. 5, §53.

7. Plaintiff's claims are barred because Plaintiff has failed to mitigate the damages claimed, or alternatively, the damages are limited to the extent that the Plaintiff has failed to mitigate them.

8. Plaintiff's claim is barred for failure to join one or more indispensable parties.

WHEREFORE, Defendants Amtrak and the MBTA respectfully request that the Court:

1. Deny the relief sought by Plaintiff in his Complaint and dismiss said Complaint with prejudice;

2. Award Amtrak and the MBTA their reasonable costs and attorneys's fees; and

3. Order such other and further relief as the Court deems just and proper.

DEFENDANTS AMTRAK AND THE MBTA DEMAND TRIAL BY JURY.

NATIONAL RAILROAD
PASSENGER CORPORATION
And THE MASSACHUSETTS
BAY TRANSPORTATION AUTHORITY
By their Attorney,

Paul J. Sahovey
MBTA Law Department
Ten Park Plaza
Boston, MA  02116
(617)222-3189
BBO #437900

Dated: September 13, 2004